UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE K. MARZ,

    Plaintiff,

v.                                               Case No: 6:17-cv-1618-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER[1]

Pending before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 20). Plaintiff requests an award of fees **in the amount of $2,951.69**. The motion includes a schedule of the attorney's billable hours to support the application (Doc. 20 at 9-10). Defendant has no objection to the requested relief (Id. at 2).

Plaintiff asserts that he is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time the proceeding was filed was less than two million dollars[2] (Doc. 20 at 1-2, 4-8).

On March 8, 2018, the Court entered a final order reversing and remanding this case back to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. §

---

[1] On November 3, 2017, both parties consented to the exercise of jurisdiction by a magistrate judge in this case (Doc. 12). The case was referred to me by Order of Reference on November 8, 2017 (Doc. 15).

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

405(g) (Doc. 18). The Clerk entered judgment the next day (Doc. 19). Plaintiff filed this application for attorney's fees on May 7, 2018 (Doc. 20).

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel (Doc. 20-1). Regarding Plaintiff's request that the government pay the EAJA award directly to counsel, it is the Court's position that any agreement between the parties as to payment of the judgment is outside the purview of the Court, and the parties may make whatever collection arrangements that they wish. For present purposes, the Court declines to recommend that the government reimburse counsel directly. See Astrue v. Ratliff, 560 U.S. 586 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

Pursuant to the provisions of the EAJA, Plaintiff's motion for attorney's fees (Doc. 20) is **GRANTED** and Plaintiff is awarded attorney's fees **in the amount of $2,951.69.**

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record